UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____X

VICTOR SEALE,

        Plaintiff,

        File #

-against-

THE TRUSTEES OF COLUMBIA
UNIVERSITY IN THE CITY OF NEW YORK,    COMPLAINT
        Plaintiff Demands Trial
        Defendant.    By Jury
_____X

    The plaintiff, by his attorney, JAY M. WEINSTEIN, complaining of the defendant, sets forth, upon information and belief, as follows:

## JURISDICTION AND VENUE

    1. The plaintiff asserts that this Court has jurisdiction over this matter by reason of 42 U.S.C section 1983 et seq.; Title VII of the Civil Rights Act of 1964; The Equal Protection Clause of Constitution of the United States, and various other provisions of federal law.

    2. The plaintiff asserts ancillary jurisdiction over all non-federal based claims asserted herein as related to the federal based claims.

    3. The causes of action arose exclusively within the venue of the United States District Court, Southern District of New York,

1

## FACTUAL BACKGROUND

4. The plaintiff was and is a domicile of the City and County of New York, State of New York.

5. Upon information and belief the defendant was and is a corporation duly authorized to do business under and by virtue of the laws of the State of New York, with its principal place of business located within the County of New York, State of New York.

6. That as a pre-condition to the commencement of this action, the plaintiff caused to be filed with the United States Equal Employment Opportunity Commission a complaint under File # 16GC202570

7. That on September 22 , 2022, The United States Equal Employment Opportunity Commission issued to the plaintiff a Notice of Right to Sue Letter, which directed him to commence suit within 90 days of the above date.   (Exhibit "A").

8. That this action has been commenced within 90 days of the issuance of the Right to Sue Letter.

9. The plaintiff was and is a male of African American descent.

10. That at the time of his discharge as alleged herein the plaintiff was 53 years of age and that he was one of the oldest employees in his department.

11. That commencing on April 28, 2008, the plaintiff became employed as a patrol officer by the defendant with the Columbia University Department of Public Safety.

2

12. That during his 14 years of employment with the defendant the plaintiff was successful at his job, and as a result he received several promotions,

13. That despite certain claims that the defendant may allege to the contrary, his work performance was such that on October 3, 2016 he was promoted to the rank of Supervising Sergeant, and he was assigned to the defendant's Medical Center Campus.

14. That as a Supervising Sergeant for the defendant, the plaintiff oversaw and supervised a patrol of 13 individuals for several of the buildings that comprise the campus of the Columbia University School of Medicine, which is located in the Washington Heights section of the County of New York, State of New York.

15. That in April, 2022 the plaintiff was one of the highest paid persons in his department.

16. That although the plaintiff and his co-workers were patrol officers, pursuant to the defendant's policy the plaintiff and his co-workers were not permitted to carry any weapons, lethal or otherwise.

17. That until April, 2022 the plaintiff had a near spotless record.

18. That prior to approximately 4-6 years prior to April, 2022, the plaintiff had been cited for some minor and insignificant infractions for which he received little or no discipline.

19. That the aforementioned minor infractions did not negatively impact his ability to receive the promotion to Supervising Sergeant.

20. That the only infraction committed by the plaintiff was an event that was alleged to have

been committed by the plaintiff was an event that occurred in February, 2022, but for which no written report was made during the period of his employment and was in fact written in May, 2022.

21. That the aforementioned incident was added to the plaintiff's record post his discharge for the sole purpose of attempting to justify the arbitrary, capricious and illegal nature of the plaintiff's discharge.

22. That the alleged incident that directly resulted in the plaintiff's discharge occurred on April 6, 2022 at approximately 8:30 A.M.

23. The alleged incident occurred on the public sidewalk at or about a bus top located at 1150 St. Nicolas Avenue, which is in front of one of the buildings of the Columbia University School of Medicine.

24. The alleged incident involved an unidentified adult who was screaming, yelling and "acting aggressively" towards an unidentified child, but that the adult never struck the child

25. That there is no evidence that the said incident, which occurred on public property, involved any persons associated in any way with the defendant, its agent, servants, employees, patients or students other than an alleged unidentified "doctor" who is claimed to have witnessed the incident.

26. Upon information and belief, video evidence in the possession of the defendant confirms that there was no relationship between the defendant and the adult and the child.

27. That the above incident was reported by one of the defendant's patrol officers to the

4

plaintiff.

28. That the plaintiff did acknowledge receipt of the report of the incident.

29. That as the above incident was outside the purview of the plaintiff's job duties and responsibilities, the plaintiff had a good faith reason to believe that it was not within his duties to act.

30. That the defendant has never acknowledged that the plaintiff had a duty to act with respect to the alleged incident.

31. That on April 7, 2022 the plaintiff was interviewed by Richard Medina, a Caucasian, who is alleged to have been the Interim Executive Director of the defendant's Department of Public Safety.

32. That Mr. Medina ultimately concluded that although the plaintiff had been a 14-year employee who received a promotion to a senior supervisory position, the plaintiff "demonstrated a lack of understanding of his role and responsibility as a senior supervisory member of Public Safety", and that the plaintiff should be terminated.

33. The plaintiff was terminated on April 21, 2022.

34 That as set forth, the discharge of the plaintiff was a pretext.

35. That the plaintiff's discharge was premised solely and wholly by reason of his upon his race and/or his age.

## AS AND FOR A FIRST CAUSE OF ACTION:
## VIOLATION OF PLAINTIFF'S FEDERAL CIVIL RIGHTS

36. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "35" inclusive, as if set forth in full herein.

37  That the actions of the defendant as alleged herein were in violation of the plaintiff's civil rights pursuant to 42 U.S.C. section 1983 et. seq.

38. That the actions of the defendant, by Richard Medina and its other agents, servants and/or employees, in discharging the plaintiff without valid cause was in further violation of the plaintiff's rights pursuant to: a) Title VII of the Civil Rights Act of 1964, 42 U.S.C. section 2000-e et seq. ; (b) and the Equal Protection Clause of the 14th amendment of the Constitution of the United States.

39 That by reason of the defendant's violation of the statutes and constitutional provisions the plaintiff has been caused to incur damages, including but not limited to loss of back pay, loss of front pay, loss of health care benefits, loss of pension benefits and other related benefits.

40. As a result of the aforementioned, the plaintiff has been further caused to sustain personal and psychological injuries, including but not limited to depression, anxiety, emotional distress and the like.

41. That by reason of the aforementioned, the plaintiff has been in the amount of THREE MILLION ($3,000,000.00) DOLLARS.

42. That in addition thereto the plaintiff seeks the recovery of interest, costs, disbursements

and attorneys' fees as permitted by law.

## AS AND FOR A SECOND CAUSE OF ACTION:
## VIOLATIONS OF LAWS OF THE STATE OF NEW YORK

43. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through 42" inclusive as if set forth in full herein.

44. That the causes of action asserted herein occurred exclusively within the State of New York.

45. That by reason of the actions of the defendant, by Richard Medina and its other agents, servants and/or employees the defendant has violated the plaintiff's rights pursuant to New York State Executive Law section 296 et seq.

46. That by reason of the aforementioned the plaintiff has been damaged in the amount of THREE MILLION ($3,000,000.00) DOLLARS.

47. That in addition thereto the plaintiff seeks recovery of interest. costs, disbursements and attorneys' fees as permitted by law.

## AS AND FOR A THIRD CAUSE OF ACTION
## VIOLATIONS OF LAWS OF THE CITY OF NEW YORK

48. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "47" inclusive as if set forth in full herein.

49. That the causes of action asserted herein occurred exclusively within the City of New York.

50. That by reason of the aforementioned actions of the defendant, by Richard Medina and its other agents, servants and/or employees the defendant has violated the plaintiff's rights pursuant to the Administrative Code of the City of New York section 8-107 et seq.

51. That by reason of the aforementioned the plaintiff has been damages in the amount of THREE MILLION ($3,000,000.00) DOLLARS.

52. That in addition thereto the plaintiff seeks recovery of interest, cost, disbursements and attorney's fees as permitted by law.

WHEERFORE plaintiff demands judgment against the defendant as follows:

As and for the first cause of action in the amount of THREE MILLION ($3,000,000.00) DOLLARS;

As and for a second cause of action the amount of THREE MILLION ($3,000,000.00) DOLLARS;

As and for a third cause of action in the amount of THREE MILLION ($3,000,000.00) DOLLARS; together with interest from April 21, 2022, cost, disbursements and attorneys' fees and permitted by law.

Dated: Woodmere, New York
       November 15, 2022

JAY M. WEINSTEIN (jw6064)

# EXHIBIT A



## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION



New York District Office
33 Whitehall St, 5th Floor
New York, NY 10004
(929) 506-5270
Website: www.eeoc.gov

### DISMISSAL AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 09/22/2022

To: Victor Seale
311 West 127th Street
Apt 518
New York NY 10027

Charge No: 16G-2022-02570

EEOC Representative and email:   Holly Shabazz
S/L Program Manager
HOLLY.SHABAZZ@EEOC.GOV

### DISMISSAL OF CHARGE

The EEOC is closing this charge because: Charging Party wishes to pursue matter in Federal District Court.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

*If you file suit, based on this charge, please send a copy of your court complaint to this office.*

On behalf of the Commission,

Digitally Signed By: Timothy Riera
09/22/2022

Timothy Riera
Acting District Director



File No.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VICTOR SEALE,

                              Plaintiff,

    -against-

THE TRUSTEES OF COLUMBIA UNIVERSITY
IN THE CITY OF NEW YORK,

                              Defendant.

COMPLAINT

JAY M. WEINSTEIN, ESQ.
Attorney for Plaintiffs
503 Longacre Avenue
Woodmere, New York 11598-2307
(516) 569-2146

To:
Attorney for

Service of a copy of the within
is hereby admitted.
Dated:

_____

Attorney for