UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

VICTOR SEALE,

                Plaintiff,

          -v-

THE TRUSTEES OF COLUMBIA
UNIVERSITY IN THE CITY OF NEW
YORK,

                Defendant.

22-CV-9717 (JPO)

ORDER

---

J. PAUL OETKEN, District Judge:

      Plaintiff Victor Seale ("Seale") brings this action against Defendant The Trustees Of Columbia University in the City of New York ("Columbia") for violations of 42 U.S.C. § 1983 ("Section 1983"), Title VII of the Civil Rights Act of 1964 ("Title VII"), the Equal Protection Clause of the U.S. Constitution, the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL"), for discrimination on the basis of race and age. Presently before the Court is Columbia's motion to dismiss.

**I.  Background**

    **A.  Factual Background**

      Seale is a Black man who was employed as a patrol officer by Columbia's Department of Public Safety ("DPS"). (ECF No. 1 ("Compl.") ¶ 11.) He was promoted to the rank of Supervising Sergeant in October 2016 and was assigned to the campus of Columbia University Irving Medical Center. (Compl. ¶ 13.) In this capacity, Seale oversaw and supervised thirteen public safety officers. (Compl. ¶ 14.)

      Through April 2022, Seale had "a near spotless record." (Compl. ¶ 17.) In February 2022, an incident took place that was then memorialized in a report in May 2022. (Compl. ¶ 20.)

According to Seale, during this incident, an adult was "screaming, yelling and 'acting aggressively' towards an unidentified child." (Compl. ¶ 24.) The complaint alleges that a doctor associated with Columbia witnessed the incident. (Compl. ¶ 25.) A DPS patrol officer reported the incident to Seale. (Compl. ¶ 27; ) Seale alleges that the "incident was outside the purview of [Seale's] job duties and responsibilities," and that Seale "had a good faith reason to believe that it was not within his duties to act." (Compl. ¶ 29.) On April 7, 2022, Richard Medina ("Medina"), the Interim Executive Director of DPS, who is white, interviewed Seale. (Compl. ¶ 31.) Medina determined that Seale should be terminated, stating that Seale "demonstrated a lack of understanding of his role and responsibilities as a senior supervisory member of Public Safety." (Compl. ¶ 32.) Seale was terminated on April 21, 2022. (Compl. ¶ 33). At the time Seale was terminated, he was fifty-three years old, making him one of the oldest employees in his department. (Compl. ¶ 10.)

### B.  Procedural History

Seale filed a complaint with the Equal Employment Opportunity Commission and received a Notice of Right to Sue on September 22, 2022. (Compl. ¶ 7.) Seale brought this action against Columbia on November 15, 2022. (ECF No. 1.) On February 2, 2023, Columbia filed its motion to dismiss the complaint. (ECF No. 13.) On March 3, 2023, Seale filed his opposition to the motion to dismiss the complaint. (ECF No. 19.) On March 16, 2023, Columbia filed its reply in support of its motion to dismiss. (ECF No. 20.) The Complaint asserts federal claims under Section 1983 and Title VII, as well as claims under the NYSHRL and the NYCHRL. (Compl. ¶¶ 36-52.)

## II.  Legal Standard

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

570 (2007).  A complaint need not contain "detailed factual allegations," but it must offer something "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).  A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  In resolving a motion to dismiss, "the court must accept as true all well-pled factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor." *Doe v. Indyke*, 457 F. Supp. 3d 278, 282 (S.D.N.Y. 2020) (citing *Steginsky v. Xcelera Inc.*, 741 F.3d 365, 368 (2d Cir. 2014)).

### III.   Discussion

#### A.   Title VII Claims

Seale's claims under Title VII are based on alleged race and age discrimination.  As an initial matter, "Title VII does not encompass claims for employment discrimination on the basis of age."  *Mabry v. Neighborhood Def. Serv.*, 769 F. Supp. 2d 381, 391 (S.D.N.Y. 2011) (citing *Gen. Dynamics Land Sys., Inc. v. Cline*, 540 U.S. 581, 586-87 (2004) ("Congress chose not to include age within discrimination forbidden by Title VII of the Civil Rights Act of 1964 . . . ."))

The Court turns next to Seale's Title VII claims based on racial discrimination.  To defeat a motion to dismiss in a Title VII discrimination case, "a plaintiff must plausibly allege that (1) the employer took adverse action against him, and (2) his race, color, religion, sex, or national origin was a motivating factor in the employment decision." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 87 (2d Cir. 2015).  "At the pleadings stage, then, a plaintiff must allege that the employer took adverse action against her at least in part for a discriminatory reason, and she may do so by alleging facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination." *Id.*

(citing *Littlejohn v. City of New York*, 795 F.3d 297, 311 (2d Cir. 2015)).  An inference of discrimination can arise from circumstances including, but not limited to, "the sequence of events leading to the plaintiff's discharge." *Littlejohn*, 795 F.3d at 312 (internal quotation marks and citation omitted).

Columbia does not dispute the first prong, that Seale suffered an adverse employment action.  (ECF No. 14 at 6 n.2.)  As to the second prong, the complaint alleges that Seale is Black and that Medina is White.  (Compl. ¶¶ 9, 31.)  The complaint also includes a conclusory allegation that the stated reasons for Seale's discharge were "pretext" and that in actuality, his discharge "was premised solely and wholly" on his race (and age).  (Compl. ¶¶ 34-35.)  Aside from those statements, the complaint contains no allegations as to whether Seale's race played any role in Columbia's decision to discharge Seale.  The complaint fails to "alleg[e] facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination." *Vega*, 801 F.3d at 87.

Seale's argument that allowing him to proceed to discovery will help establish evidence of discrimination is unavailing.  "Because [Seale's] complaint is deficient under Rule 8, he is not entitled to discovery, cabined or otherwise." *Iqbal*, 556 U.S. at 686; *see also Twombly*, 550 U.S. at 563 n.8 ("[B]efore proceeding to discovery, a complaint must allege facts suggestive of illegal conduct.")

The Court concludes that Seale has failed to adequately plead a claim under Title VII.

### B. Constitutional Claims

The complaint raises a Section 1983 claim, which asserts a violation of the Fourteenth Amendment's Equal Protection Clause.  (Compl. ¶¶ 1, 38).  "Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct

constitutes 'state action.'" *Flagg v. Yonkers Sav. & Loan Ass'n, FA*, 396 F.3d 178, 186 (2d Cir. 2005) (quoting *United States v. Int'l. Bhd. of Teamsters*, 941 F.2d 1292, 1295 (2d Cir.1991)). As Seale now concedes, Columbia is not a state actor (ECF No. 19 at 1), and courts in the Second Circuit have held that Columbia and its employees are private actors, not state actors. *See Biswas v. Rouen*, 808 F. App'x 53, 54 (2d Cir. 2020) (summary order) (upholding dismissal of constitutional claims against Columbia employees because "Columbia University and its employees are private actors.") Accordingly, Seale's Section 1983 claim is dismissed.

  **C.**  **Seale's Request to Amend the Complaint**

"Although Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend 'shall be freely given when justice so requires,' it is within the sound discretion of the district court to grant or deny leave to amend." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007). Courts may deny leave to amend where the amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962). "A proposed amendment to a complaint is futile when it could not withstand a motion to dismiss." *Balintulo v. Ford Motor Co.*, 796 F.3d 160, 164-65 (2d Cir. 2015) (internal quotation marks and citation omitted).

Plaintiff requests leave to amend the complaint to add allegations from an article published by a Columbia student newspaper that alleged "erratic, unprofessional, uncivil and unethical behavior" at the Department of Public Safety. (ECF No. 19 at 5.) However, Seale repeatedly concedes that it is "presently unknown" whether any of individuals or occurrences discussed in the article played any role in Seale's discharge. (ECF No. 19 at 4, 8.) Seale fails to demonstrate that his proposed amendment would cure the deficiencies in his complaint, and thus, fails to show that the amended complaint would withstand a motion to dismiss. The Court therefore denies Seale leave to file an amended complaint.

D. **State Law and City Law Claims**

Having found that the Court lacks subject matter jurisdiction over Plaintiff's federal claims, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims. *See* 28 U.S.C. § 1367(c)(3).  Accordingly, Plaintiff's state law claims are dismissed without prejudice to refiling in state court.

IV. **Conclusion**

For the foregoing reasons, Columbia's motion to dismiss is GRANTED.  Seale's federal claims are dismissed with prejudice, and his state law and city law claims are dismissed without prejudice to refiling in state court.

The Clerk of the Court is directed to close the motion at Docket Number 13, to enter judgment in favor of Columbia, and to close this case.

SO ORDERED.

Dated: September 26, 2023
New York, New York

_____
J. PAUL OETKEN
United States District Judge